# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| GREGG MOORE, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06 C 4026 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Judge Ronald A. Guzmán |
| UNITED STATES POSTAL | ) | |
| SERVICE, VILLAGE OF OAK | ) | |
| PARK, and DAVID POPE, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Gregg Moore ("Moore"), proceeding *pro se*, has sued the United States,[1] the U.S. Postal Service, the Village of Oak Park and David Pope, the Village President, pursuant to 42 U.S.C. § ("section") 1983 for their alleged violations of plaintiff's constitutional rights. Defendants have filed motions pursuant to Federal Rules of Civil Procedure ("Rules") 12(b)(1) and (b)(6) to dismiss the claims asserted against them.[2] For the reasons set forth below, the motions are granted.

## Background

In February of 2004, Narissa MacMillon, a mail carrier for the U.S. Postal Service, told an Oak Park police officer "unspeakable and unfounded lies" about Moore,

---

[1] Originally, plaintiff sued a postal employee and the Post Master of the Oak Park Post Office as well. In August 2006, however, the government substituted as defendant for those individuals pursuant to 28 U.S.C. § 2679(d)(1).

[2] Plaintiff has filed a myriad of documents with the Court responding to these motions and/or purporting to amend his complaint. Because those documents do not change the substance of the claims plaintiff asserts against these defendants, the Court cites solely to the amended complaint that was removed from state court.

causing them to arrest and detain him. (Notice Removal, Am. Compl. at 3 ¶ 1.) Moore was held at the Cook County Department of Corrections in a "cell full of smoke and fumes." (*Id.* at 2 ¶ I(1)(a).) On February 28, 2004, correctional officers allowed Moore to sleep outside of his cell. (*Id.* ¶ I(1)(b).) Thereafter, however, the correctional officers dropped the sleeping Moore onto the floor of his cell, thereby fracturing his ribs. (*Id.* ¶ 2.) Moore contends that defendants illegally arrested and detained him and are responsible for his injuries.

## Discussion

In this case, the standard that governs defendants' Rule 12(b)(1) and (b)(6) motions is the same: the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2002) (Rule 12(b)(1)); *Forseth v. Vill. of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000) (Rule 12(b)(6)). No claim will be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Moreover, because plaintiff is *pro se*, "his complaint must be liberally construed and is entitled to less stringent scrutiny than those prepared by counsel." *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997).

## The Federal Defendants' Motion

Plaintiff's claims against the federal defendants arise from the allegedly false statements mail carrier MacMillon made about him to the Oak Park Police, which resulted

in his arrest. It is not clear whether plaintiff is asserting a defamation claim, a false arrest claim, a false imprisonment claim or a Fourth Amendment claim against these defendants. Consequently, the Court will determine whether any of these claims is viable.

Defamation, false arrest and false imprisonment are nonconstitutional torts. "[A] suit against the United States under the Federal Tort Claims Act [is] the exclusive remedy for most nonconstitutional torts by employees of the federal government," including postal workers. *Apampa v. Layng*, 157 F.3d 1103, 1104 (7th Cir. 1998); *see* 39 U.S.C. § 409(c) (stating that FTCA applies to "tort claims arising out of activities of the Postal Service"). Moreover, if the federal employee committed the tort in the course of her employment, the government has the option, which it exercised in this case, to substitute as defendant for the employee. 28 U.S.C. § 2679(d)(1). In any case, the only proper defendant in an FTCA suit is the federal government or a federal employee; federal agencies may not be sued. *See* 28 U.S.C. § 2679(a) ("The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency . . . the remedies provided by [the FTCA] in such cases shall be exclusive."); *Hughes v. United States*, 701 F.2d 56, 58 (7th Cir. 1982) ("Under the Federal Tort Claims Act, a governmental agency cannot be sued in its own name; the action must be brought against the United States."). Thus, the Court has no jurisdiction over plaintiff's claims against the Postal Service. *See Valluzzi v. U.S. Postal Serv.*, 775 F. Supp. 1124, 1125 (N.D. Ill. 1991) (stating that the government, not the Postal Service, is the proper defendant in FTCA case).

Plaintiff fares no better with any defamation, false arrest or false imprisonment claims that he asserts against the government itself. The FTCA plainly states that its

3

waiver of the federal government's sovereign immunity does not extend to "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h). Thus, the Court cannot entertain any such claims.

The result is the same if we construe plaintiff's claim as one for arrest and imprisonment in violation of the Fourth Amendment. Unlike common law tort claims, constitutional tort claims are not governed by the FTCA. 28 U.S.C. § 2679(b)(2). But the federal government has not waived its sovereign immunity for constitutional torts, so plaintiff cannot pursue a Fourth Amendment claim against it. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 410 (1971) (Harlan, J., concurring) ("However desirable a direct remedy against the Government might be as a substitute for individual official liability, the sovereign still remains immune to suit.").

Moreover, though federal employees can be sued in their individual capacities for alleged constitutional violations, *id.* at 397, any such claim plaintiff asserts against MacMillon fails on the merits. MacMillon's only alleged involvement in plaintiff's arrest was giving false information to the police. But providing information to the police – even false information – is not a violation of the Fourth Amendment. *Cf. Butler v. Goldblatt Bros., Inc.*, 589 F.2d 323, 327 (7th Cir. 1978) (holding, in the context of a section 1983 action, that defendant who "did [no]thing more than supply information to police officers who then acted on their own initiative in arresting [plaintiff]" was not liable for violating Fourth Amendment).

In short, no matter how we construe it, plaintiffs' claim against the federal defendants does not survive. Their motion to dismiss is, therefore, granted.

### Oak Park Defendants' Motion

Plaintiff generally alleges that defendant Pope is liable under section 1983 for plaintiff's unlawful arrest and detention by the Oak Park police. It is not clear whether plaintiff is suing Pope in his individual capacity, his official capacity or both. Consequently, the Court will determine whether plaintiff has stated a viable claim against Pope in either capacity.

An individual can be held liable under section 1983 only if he caused or participated in the alleged constitutional deprivation. *Vance v. Washington*, 97 F.3d 987, 991 (7th Cir. 1996). Direct participation is not required, but defendant must have "acquiesced in some demonstrable way" in the deprivation alleged. *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003); *see Jones v. City of Chi.*, 856 F.2d 985, 992 (7th Cir. 1988) (stating that supervisors can be held liable for constitutional torts of subordinates only if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye [to it]").

Plaintiff does not allege that Pope was personally involved in plaintiff's arrest or detention. Nor does he allege that Pope was aware of, or acquiesced to, those actions. Therefore, plaintiff has not stated an individual capacity claim against Pope.

Plaintiff has also not stated an official capacity claim against Pope, or its equivalent, a claim against Oak Park. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (stating that an official capacity suit is the same as a suit against the entity that employs the defendant). Oak Park can be held liable under section 1983 only if the alleged constitutional deprivation occurred as a result of an official policy, custom, or practice. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 684, 690 (1978). Plaintiff's injury

was caused by a policy within the meaning of *Monell* if it was the result of an express policy, a widespread and permanent practice, or action by a person with final policymaking authority. *Palmer*, 327 F.3d at 595.

Plaintiff has not alleged that his arrest and detention stemmed from any of those sources. He simply alleges that he was injured by the acts of a police officer. Accordingly, plaintiff has not stated a section 1983 claim against Oak Park or an official capacity claim against Pope.

## Conclusion

For the reasons set forth above, defendants' motions to dismiss [doc. nos. 4 & 22] are granted and the claims plaintiff asserts against them are dismissed without prejudice. Because the Court did not consider it in deciding these motions, the Oak Park defendants' motion to strike plaintiff's final exhibit [doc. no. 29] is stricken as moot. Plaintiff has twenty-one days from the date of this Memorandum Opinion and Order to amend his complaint in accordance with this Order. If he fails to do so, the Court will dismiss his complaint with prejudice.

SO ORDERED.                    ENTERED: 2/16/07

                                       HON. RONALD A. GUZMAN
                                       United States District Judge